# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SACRAMENTO COUNTY JAIL MEDICAL STAFF, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00401-ADA-SAB (PC)<br><br>ORDER SEVERING AND TRANSFERRING CERTAIN CLAIMS<br><br>(ECF No. 22) |

Plaintiff Stanley A. Mundy is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on April 6, 2022. (ECF No. 1.) On July 13, 2022, the Court screened Plaintiff's complaint, found that no cognizable claims were stated, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 16.) In that order, the Court specifically noted that should Plaintiff amend the complaint to state a cognizable claim against individuals at Sacramento County Jail, such claims may be severed from this action. (Id. at 8 n. 1.)

On October 11, 2022, Plaintiff timely filed a first amended complaint, which is before the Court for screening pursuant to 28 U.S.C. § 1915A(a). (ECF No. 22.)

///

///

1

# I.

# DISCUSSION

## A.      Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## B.      Misjoinder and Transfer of Claims

Federal Rule of Civil Procedure 18 allows a party asserting a claim for relief to "join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R.

Civ. P. 18(a). A plaintiff may also bring claims against more than one defendant if (1) the claims arise "out of the same transaction, occurrence, or series of transactions or occurrence," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). A plaintiff may not, however, join unrelated claims against multiple defendants in a single action. Id.; see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) ("unrelated claims against different defendants belong in separate lawsuits").

Plaintiff's first amended complaint does not plausibly allege that his claims against 26 individuals at three separate entities arose out of the "same transaction, occurrence, or series of transactions or occurrences." Accordingly, the Court finds that these claims are misjoined and therefore are governed by Rule 21. See Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

Under, Rule 21 a court may sua sponte "at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21; Bain v. California Teachers Ass'n, 891 F.3d 1206, 1215 (9th Cir. 2018). Courts have broad discretion in determining whether to sever claims or parties. See In re EMC Corp., 677 F.3d 1351, 1355 (Fed. Cir. 2012); Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir. 2000). A severance may be justified by various considerations, including avoiding undue delay or prejudice to the parties, see Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 (5th Cir. 1995), whether there are significantly different factual situations or legal questions, Langley v. Guiding Hands Sch., Inc., No. 2:20-cv-00635-TLN-KJN, 2021 WL 1212713 (E.D. Cal. Mar. 30, 2021), whether the claims are otherwise logically distinct, see Aiello v. Kingston, 947 F.2d 834, 835 (7th Cir. 1991), or whether severance will serve the ends of justice and further the prompt and efficient disposition of litigation. Crown Cork & Seal Co. v. Credit Suisse First Boston Corp., 288 F.R.D. 331, 332 (S.D. N.Y. 2013); Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc., 215 F.R.D. 621, 623 (D. Kan. 2003).

Here, upon review of the first amended complaint, it is clear that Plaintiff raises separate claims against officials at Sacramento County Jail, Pleasant Valley State Prison, and Mule Creek

State Prison (where he is currently incarcerated). Plaintiff's claims can be divided into three separate groups. The first group consists of claims against individuals at Sacramento County Jail. The second group consists of claims against individuals at Pleasant Valley State Prison. The third group consists of claims against individuals at Mule Creek Prison. The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." Jacques v. Hyatt Corp., No. 11-cv-05364-WHA, 2012 WL 3010969, at *3 (N.D. Cal. July 23, 2012) (quoting Bravado Int'l Grp. Merc. Servs. V. Cha, No. 09-cv-9066-PSG, 2010 WL 2650432, at *4 (N.D. Cal. June 30, 2010)). Although Plaintiff raises claims of denial of a non-soy diet against all individuals, determining whether each Defendant committed the alleged misconduct involves examining different sets of facts. The claims against each Defendant, in other words, arise out of different transactions or occurrences. These three groups of claims are distinct. They involve different entities, different wrongful acts by Defendants, and different periods of time. The Court detects no prejudice to any party if these three claims are severed. In addition, maintaining this action in its current state would lead to jury confusion and judicial insufficiency. Thus, severance in this instance will promote the prompt and efficient disposition of litigation.

Plaintiff's claims against individuals at the Sacramento County Jail and Mule Creek State Prison took place in Sacramento County and San Joaquin County, respectively, which are part of the Sacramento Division of the United States District Court for the Eastern District of California. Local Rule 120(d). Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court. Therefore, Plaintiff's claims against which took place at Sacramento County Jail and Mule Creek State Prison shall be transferred to the Sacramento Division of this Court. Plaintiff's claims against individuals which took place at Pleasant Valley State Prison will remain in this case and the Court will screen Plaintiff's first amended complaint in due course.

///

///

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's claims against individuals at the Sacramento County Jail are transferred to the Sacramento Division to proceed in a new action;

2. Plaintiff's claims against individuals at Mule Creek State Prison are transferred to the Sacramento Division to proceed in a new action;

3. The Clerk of Court shall forward to the Sacramento Division of this Court:

    (a) two copies of this order; and

    (b) two copies of the first amended complaint filed in this action on October 11, 2022 (ECF No. 22) to be filed in each new action; and

4. The Court will screen Plaintiff's first amended complaint filed in this action with regard to the claims against individuals at Pleasant Valley State Prison in due course.

IT IS SO ORDERED.

Dated: **January 10, 2023**

UNITED STATES MAGISTRATE JUDGE