UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>             Plaintiff,<br><br>       v.<br><br>CITY AND COUNTY OF SACRAMENTO, et al.,<br><br>             Defendants. | No.  2:23-cv-00059-CKD P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    By order dated January 11, 2023, plaintiff's first amended complaint filed in <u>Mundy v. Sacramento County Jail Medical Staff, et al.</u>, No. 1:22-cv-00401-ADA-SAB (E.D. Cal.), was severed into three separate civil actions.  This case, which relates only to the allegations of civil rights violations by defendants at the Sacramento County Main Jail, was transferred to this division and opened on the same day.  <u>See</u> ECF No. 1.  Plaintiff's complaint is now before the court for screening.

    In the original action commenced in the Fresno Division, plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  <u>See</u> <u>Mundy v. Sacramento County Jail</u>

1

Medical Staff, et al., No. 1:22-cv-00401-ADA-SAB (E.D. Cal.), at ECF No. 2.  Accordingly, this court will allow plaintiff to proceed in forma pauperis in this civil action as well.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II. Allegations in the First Amended Complaint

Between June 2017 and June 2021, plaintiff was an inmate at the Sacramento County Main Jail. The allegations in the complaint do not indicate whether plaintiff was a pretrial detainee or a convicted defendant during this time frame.[1] In this action, plaintiff sues the City and County of Sacramento; Scott Jones, the Sheriff of Sacramento County; and various John and Jane Does employed at the Sacramento County Main Jail.

Plaintiff generally asserts that he was diagnosed with a severe food allergy to soy and informed various custodial and medical staff at the Sacramento County Main Jail about this condition. Plaintiff suffered hundreds of severe reactions and injuries during a six month period because defendants failed to warn him or protect him from the soy that was in the food they served inmates.

As to defendant Jones, plaintiff specifically alleges that he maintained a jail policy of not labeling the foods consumed by plaintiff which contained soy. As a result of this policy, plaintiff asserts that he was injured because this was a known risk to plaintiff's health. Plaintiff further alleges that defendant Jones failed to train jail staff to recognize common allergic reactions. This

---

[1] As a result, the court liberally construes these claims as being raised under the Eighth and Fourteenth Amendments. Generally, inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc). But under both clauses, the inmate must show that the prison official acted with deliberate indifference. Castro, 833 F.3d at 1068.

failure to train prevented plaintiff from obtaining necessary medical attention for his allergic reactions to soy.

Defendant Jane Does, who are identified as a primary nurse and a medical doctor at the Sacramento County Main Jail, were each deliberately indifferent to plaintiff's serious medical needs by failing to provide him with a non-soy diet and by failing to provide him with reasonable medical care for his allergic reactions.

### III. Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

#### A. Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or

directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

### IV. Analysis

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendant Scott Jones and the Jane Doe defendants for Eighth and Fourteenth Amendment claims of deliberate indifference and a Monell[2] claim against the County of Sacramento.[3]  However, the remaining John Doe defendants are named in the complaint solely based on their supervisory capacity.  This is not a sufficient basis to attach § 1983 liability.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979).  Therefore, the court does not find that plaintiff has sufficiently alleged a cognizable claim against either the John Doe Administrator of dietary food or the John Doe Supervisor in charge of training, hiring, and dietary needs compliance at the Sacramento County Main Jail.  Based on these deficiencies with the remaining claims and defendants, plaintiff may choose to proceed immediately on the Eighth and Fourteenth Amendment claims against Scott Jones and the Jane Doe defendants and the Monell claim against the County of Sacramento, or he may attempt to cure the remaining defects by filing a first amended complaint.  See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (finding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  If plaintiff elects to proceed on the claims found cognizable in this order, the court will construe plaintiff's election as consent to dismiss the remaining defendants and claims without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

---

[2] See Monell v. Department of Social Services, 436 U.S. 658 (1978) (establishing municipal liability under 42 U.S.C. § 1983).

[3] The Jane Doe defendants employed as a registered nurse and medical doctor at the Sacramento County Main Jail will not be served with process until plaintiff has identified their real names and amended the complaint to substitute these defendants' actual names.  The burden is on plaintiff to promptly discover the full names of these Jane Doe defendants.  See Robinett v. Correctional Training Facility, No. C 09-2845 SI (pr), 2010 WL 2867696 (N.D. Cal. July 20, 2010).

### V.     Leave to Amend

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.    Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not. You must decide if you want to (1) proceed immediately on the Eighth and Fourteenth Amendment claims against defendant Scott Jones and the Jane Doe defendants as well as the Monell claim against the County of Sacramento; or, 2) amend the complaint to fix the problems identified in this order with respect to the remaining claims and defendants. Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you

need to do next. If you do not return this Notice, the court will order service of the complaint only on the claim found cognizable in this screening order and will dismiss the remaining claims and defendants without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to proceed in forma pauperis.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff has the option to proceed immediately on the Eighth and Fourteenth Amendment deliberate indifference claims against defendant Scott Jones and the Jane Doe defendants as well as the Monell claim against the County of Sacramento. In the alternative, plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants time to file a second amended complaint.

5. If plaintiff elects to proceed on the claims found cognizable in this screening order, the court will construe plaintiff's election as consent to dismiss the remaining defendants and claims without prejudice pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Dated: June 2, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mund0059.option.county

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANELY W. MUNDY,<br><br>             Plaintiff,<br><br>     v.<br><br>CITY AND COUNTY OF SACRAMENTO, et al.,<br><br>             Defendants. | No.  2:23-cv-00059-CKD<br><br><br><br>NOTICE OF ELECTION |

**Check only one option:**

\_\_\_\_\_ Plaintiff wants to proceed immediately on the Eighth and Fourteenth Amendment deliberate indifference claims against defendant Scott Jones and the Jane Doe defendants as well as the Monell claim against the County of Sacramento.  Plaintiff voluntarily dismisses the remaining claims and defendants; **or**

\_\_\_\_\_ Plaintiff wants time to file a first amended complaint.


DATED:

                                                                                       _____
                                                                                             Plaintiff