UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SACRAMENTO, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-00059-CKD P<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE FOR CERTAIN DEFENDANTS AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Screening Requirement**

On August 16, 2023, plaintiff submitted an amended complaint that is now before the court for screening.

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief.  28 U.S.C. § 1915A(b)(1), (2).

**II.     Allegations in the First Amended Complaint**

Between June 2017 and June 2021, plaintiff was an inmate at the Sacramento County Main Jail.  The allegations in the complaint do not indicate whether plaintiff was a pretrial detainee or a convicted defendant during this time frame.[1]  In this action, plaintiff sues the City and County of Sacramento; Scott Jones, the Sheriff of Sacramento County; several doctors and nurses; and various John and Jane Does employed at the Sacramento County Main Jail.

Plaintiff generally asserts that he was diagnosed with a severe food allergy to soy and informed various custodial and medical staff at the Sacramento County Main Jail about this condition.  Plaintiff suffered hundreds of severe reactions and injuries during a six-month period because defendants failed to warn him or protect him from the soy that was in the food they served inmates.

As to defendant Jones, plaintiff specifically alleges that he maintained a jail policy of not properly labeling foods containing allergens and not providing non-soy or alternative diets for inmates with soy allergies.  Plaintiff asserts that as a result of this policy he was injured because this was a known risk to plaintiff's health.  Plaintiff further alleges that defendant Jones failed to train jail staff to recognize common allergic reactions.  This failure to train prevented plaintiff from obtaining necessary medical attention for his allergic reactions to soy.

As to the named medical staff in the amended complaint, plaintiff asserts that defendants Holt, Morin, Sahba, Padilla, Hambly, Gallagher, and Kroner delayed and denied necessary medical treatment for his numerous reactions to the soy in his food.  Defendant John/Jane Does, who are identified as a primary nurse and a medical doctor at the Sacramento County Main Jail, were also deliberately indifferent to plaintiff's serious medical needs by failing to provide him

---

[1] As a result, the court liberally construes these claims as being raised under the Eighth and Fourteenth Amendments.  Generally, inmates who sue prison officials for damages for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).  But under both clauses, the inmate must show that the prison official acted with deliberate indifference.  Castro, 833 F.3d at 1068.

with a non-soy diet and by failing to provide him with reasonable medical care for his allergic reactions.

### I.     Legal Standards

The following legal standards are provided based on plaintiff's pro se status as well as the nature of the allegations in the complaint.

#### A.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). To state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.  Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

/////

**II.     Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states cognizable claims against defendants Jones, Holt, Morin, Sahba, Padilla, Hambly, Gallagher, Kroner, and the John/Jane Doe medical defendants for Eighth and Fourteenth Amendment claims of deliberate indifference and a Monell[2] claim against the County of Sacramento.[3]

However, the remaining John Doe defendants are named in the complaint solely based on their supervisory capacity. This is not a sufficient basis to attach § 1983 liability. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Therefore, the court does not find that plaintiff has sufficiently alleged a cognizable claim against either the John Doe Administrator of dietary food or the John Doe Supervisor in charge of training, hiring, and dietary needs compliance at the Sacramento County Main Jail.

Furthermore, the amended complaint does not contain any allegations linking defendant Steinberg, the Mayor of Sacramento, to the asserted constitutional violations. To state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. As a result of this deficiency, the undersigned recommends dismissing this defendant. Because it does not appear to the court that this defect is curable, defendant Steinberg should be dismissed without leave to amend. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Additionally, the undersigned finds that the amended complaint does not state a separate

---

[2] See Monell v. Department of Social Services, 436 U.S. 658 (1978) (establishing municipal liability under 42 U.S.C. § 1983).

[3] The Jane Doe defendants employed as a registered nurse and medical doctor at the Sacramento County Main Jail will not be served with process until plaintiff has identified their real names and amended the complaint to substitute these defendants' actual names. The burden is on plaintiff to promptly discover the full names of these Jane Doe defendants. See Robinett v. Correctional Training Facility, No. C 09-2845 SI (pr), 2010 WL 2867696 (N.D. Cal. July 20, 2010).

4

claim under the Americans with Disabilities Act ("ADA") based on plaintiff's medical treatment for his soy allergy. The treatment, or lack of treatment, for a specific medical condition does not provide a basis upon which to impose liability under the ADA. Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005) (medical treatment decisions not a basis for ADA claim); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005) (Medical decisions not ordinarily within scope of ADA); Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). Plaintiff's allegations go to the adequacy of the treatment or assistance he was receiving for his food allergy, not to the denial of services because of his disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); see also Bryant, 84 F.3d at 249 ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice."). Plaintiff has not alleged any facts that support a claim he was subjected to intentional discrimination by reason of his disability and excluded from participation in any program or activity. It does not appear to the court that this defect is curable by further amending the complaint. Therefore, it is recommended that the ADA claim be dismissed without leave to amend.

### III.   Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your first amended complaint and determined that some state cognizable claims and others do not. The court is ordering service on defendants Jones, Holt, Morin, Sahba, Padilla, Hambly, Gallagher, Kroner, and the County of Sacramento, but recommending that the remaining claims and defendants be dismissed without further leave to amend.

If you disagree with this recommendation to dismiss certain claims and defendants, you may file a written explanation as to why it is not correct within 14 days from the date of this

order.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly assign this matter to a district court judge.

2. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has screened and found service of the complaint appropriate.  If a defendant either waives service or is personally served, the defendant is required to reply to the complaint.  42 U.S.C. § 1997e(g)(2).

3**. Service shall be initiated on the following defendants employed at the Sacramento County Main Jail between June 2017 and June 2021:**

    **a. Scott Jones, Former Sacramento County Sheriff;**

    **b. Asa Hambly, M.D.;**

    **c. Robert Padilla, M.D.;**

    **d. Susan Kroner, R.N.;**

    **e. Nancy Gallagher, R.N.;**

    **f. J. Holt, R.N.;**

    **g. Tammy Morin, M.D.;**

    **h. Glayol Sahba, M.D.; and, the**

    **i. County of Sacramento.**

4. The Clerk of the Court shall send plaintiff nine USM-285 forms, one summons, an instruction sheet and a copy of the first amended complaint docketed on August 16, 2023.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. 10 copies of the endorsed amended complaint docketed on August 16, 2023.

6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS FURTHER RECOMMENDED that the John Doe Administrator of Dietary Food, the John Doe Supervisor, defendant Steinberg, and the ADA claim be dismissed without further leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 28, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/mund0059.eService+F&R

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>    Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF<br><br>SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:23-cv-00059-CKD<br><br>NOTICE OF SUBMISSION |

  Plaintiff submits the following documents in compliance with the court's order filed
_____:

 \_\_\_\_ completed summons form
 \_\_\_\_ completed USM-285 forms
 \_\_\_\_ copies of the _____
      Amended Complaint

DATED:

                _____
                Plaintiff