UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY, | No. 2:23-cv-0059 TLN CKD P |
| Plaintiff, | |
| v. | ORDER |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Three matters are before the court.

1. Request for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The

burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

2. Motion to Compel

Plaintiff has filed a "motion to compel" defendants to provide plaintiff with certain documents.  Discovery has not commenced in this case.  Typically, discovery begins after all defendants that have not been dismissed appear.   That has not occurred here.  Also, the initial disclosure requirements found in Rule 26 of the Federal Rules of Civil Procedure do not apply in this action because plaintiff appears pro se and is in custody.  Fed. R. Civ. P. 26(a)(1)(B)(iv).  For these reasons, plaintiff's motion to compel will be denied.

3. Motion for Extension

Plaintiff has filed a motion for an extension of time to file an amended complaint.  Because plaintiff has not been granted leave to amend and he does not have a right to amend as a matter of course under Rule 15 of the Federal Rules of Civil Procedure, his motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 37) is denied.

2. Plaintiff's motion to compel (ECF No. 38) is denied.

3. Plaintiff's motion for an extension of time (ECF No. 36) is denied.

Dated:  October 22, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
mund0059.abs