UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY W. MUNDY,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SACRAMENTO, et al.,<br><br>    Defendants. | No.  2:23-cv-0059 TLN CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983.  Four matters are before the court.

1. Dismissal of Defendants Kroner and Holt

On October 22, 2024, plaintiff was ordered to complete and return to the court the USM-285 forms necessary to effect service on defendants Kroner and Holt.  Plaintiff was warned that failure to do so would result in those defendants being dismissed.  Time has expired for plaintiff to provide the necessary forms.  Accordingly, the court will recommend that they be dismissed.

In a motion filed February 7, 2025, plaintiff asks that the court order that the U.S. Marshal serve process on Kroner at a law firm that represented her in Tandel v. County of Sacramento, 2:11-cv-0353 MCE AC P, a case that closed in 2017.  The court will not order the Marshal to effect service because plaintiff did not comply with the court's October 22, 2024 order nor provide good cause as to why not.  Further, nothing suggests the law firm that represented

defendant Kroner in 2017 has authority to accept service of process for her in this case.

2. Dismissal of Defendant Hambly

Also on October 22, 2024, plaintiff was informed that unserved defendant Hambly was deceased. Plaintiff was informed that pursuant to Federal Rule of Civil Procedure 25(a)(1) he had 90 days to file a motion for substitution. Plaintiff moves to substitute defendant Morin for Hambly (ECF No. 51 at 2). Defendant Morin has already been served with process and answered (ECF No. 30). Plaintiff fails to point to anything suggesting Morin can be held responsible for the alleged wrongs of Hambly or that she is in anyway connected to his estate. Morin is not a proper substitute. Because it does not appear plaintiff can identify a proper substitute, the court will recommend that Hambly be dismissed.

3. Commencement of Discovery

Plaintiff asks that discovery commence. In order to avoid confusion, the court typically does not open discovery until all defendants have either filed a response to the operative pleading or have been dismissed. As indicated above, there are three defendants the court recommends be dismissed. All other defendants have filed a response to the operative pleading. Because there does not appear to be good cause for the court to depart from its normal practice, discovery will commence when the remaining defendants are either dismissed as the court recommends, or are able to file a responsive pleading.

4. Leave to Amend

Plaintiff seeks leave to file a second amended complaint (ECF No. 51 at 1) but fails to point to anything indicating granting leave to amended serves any valid purpose. Accordingly, that request will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request that the court order defendant Kroner served at Longyer, Lavra & Cahill (ECF No. 51 at 2) is DENIED.

2. Plaintiff's request that discovery commence (ECF No. 51 at 1) is DENIED.

3. Plaintiff's request for leave to amend his pleadings (ECF No. 51 at 1) is DENIED.

/////

IT IS HEREBY RECOMMENDED that:

1. Defendants Kroner and Holt be dismissed;

2. Plaintiff's motion for substitution (ECF No. 51 at 2) be denied; and

3. Defendant Hambly be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 6, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

1  
mund0059.abs